OPINION of the Court, by
Judge Locsast.
Clay exhibited his bill to recover from the appellees certain land to which they have obtained tlie titles at law, but to which he asserts tise superior right derived under an entry made on the 19th of December 1781, by Janies Estill, as assignee of John Swann, for 1000 acres, ‘dying on the cast side of Otter creek, about 300 yards below the mouth of Pumpkin run, to begin at a dovble ash tree marked I. E. and to run northwardly till it crosses Otter creek, then a course as will admit of joining the northeast corner of said Estili’s location on the cast line of Richard Calloway’s settlement and pre-emption on the waters of Otter creek ; thence south along said line; thence along the different entries lying-west-wardly till it joins the northwest corner of an entry of400 acres of said Estill, assignee of Green Clay. The said entry is located on said Estill’s north line of said survey.”'
And on the 17th oí January 1782, the said Estill amended his entry as follows : Insert after the word “ of,” and before the words “ 40‘0 acres,” “ Bond Estill’s of 200 acres'; and to run along the said Bond Estill’s north line east; and to run along his own entry of 500‘ acres below Bond Estill’s on the north line.”
The double ash tree marked with the letters I. E. is not shewn or proved to have stood at the place of beginning. It may have existed at a different place, and it is presumable did exist somewhere, because the locator has called for it; and it constitutes the precise point of location which controls the supposed distance.given; the distance being merely as a mean or clew whereby the object caljed for might be ascertained; and inasmuch as it may have been incorrect, the position of the land would thereby be varied ; and according to repeated decisions of this court, the entry cannot be sustained.
But were we at liberty to disregard this call, orto supply the absence of the tree by the supposed distance *163 of about 300 yards below the mouth of the branch, there are other objections to the entry, which can be obviated by no possible rule of construction, without doing manifest violence to settled principles and the obvious meaning of the land law.
The entry calls to adjoin the northeast corner of Es-till’s claim, lying on the east of Calloway’s settlement and pre-emption. Calloway’s settlement and pre-emption rights called to lie on Drowning creek, a branch of the middle fork of Otter creek. This was a village right for raising corn in the country, and is as indescriptive of any precise piece of land as the extent of Drowning creek. It would be perfectly arbitrary to locate it on one part of the creek in preference to another. The court lias gone far towards supplying by construction the want of greater precision in calls to adjoin larger claims, or longer lines, without specifying on what part; but it has never been held that a subsequent locator should be bound to ascertain the length of watercourses, in order to select the middle thereof to support an entry which had not designated any definite part of the stream; and such a doctrine would be as unjust as it would be arbitrary in the court and against the spirit and object of the law.
Again, this entry is defective, according to settled adjudications of this court, in the call to run “ along the different entries lying westwardly,” &c. without specifying what entries, or giving any clew by which their boundaries and positions might with probable certainty and reasonable diligence be ascertained,- — (Ante, Cullum vs. Walton, p. 132 — May, Bannister, &c. vs. Masan, &c. p. 128.)
A farther examination of its calls is unnecessary, as they, if good, cannot supply th# vagueness already mentioned.
The decree of the court beiQ.w must therefore be affirmed with costs.